THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **DANIEL BUTTERFIELD,**<br><br>Plaintiff,<br><br>v.<br><br>**INTERMOUNTAIN HOMECARE & HOSPICE,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:22-cv-00768-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Daniel Butterfield's ("Mr. Butterfield") motion to enter judgment.[2] As shown below, the court: (1) denies Mr. Butterfield's motion; (2) sua sponte extends the deadline for service under Fed. R. Civ. P. 4(m) by 28 days from the date of this Memorandum Decision and Order (i.e., April 28, 2023); and (3) orders Mr. Butterfield to either obtain a waiver of service from Defendant Intermountain Homecare & Hospice ("IHH") under Fed. R. Civ. P. 4(d) or properly serve IHH by April 28, 2023.

**BACKGROUND**

Mr. Butterfield initiated this action against IHH on December 12, 2022.[3] Under Fed. R. Civ. P. 4(m), Mr. Butterfield had 90 days from the date his complaint was filed, or until March

---

[1] ECF No. 5.

[2] ECF No. 10.

[3] ECF No. 1.

13, 2023,[4] to complete proper service of a summons and the complaint upon IHH. A summons was issued to Mr. Butterfield on February 7, 2023.[5] On March 8, 2023, Mr. Butterfield filed an executed return of service, which indicates that the summons and the complaint were served on an individual named Kevin Hall ("Mr. Hall") in Salt Lake City, Utah, on February 10, 2023.[6] The executed return of service does not contain any information indicating Mr. Hall's role with or relationship to IHH.[7]

Mr. Butterfield filed his motion to enter judgment on March 22, 2023.[8] Mr. Butterfield seeks entry of default judgment against IHH under Fed. R. Civ. P. 55 based upon IHH's alleged failure to file a timely response to Mr. Butterfield's complaint under Fed. R. Civ. P. 12.

## ANALYSIS

The court: (I) denies Mr. Butterfield's motion; (II) sua sponte extends the deadline for service until April 28, 2023; and (III) orders Mr. Butterfield to either obtain a waiver of service from IHH or properly serve IHH by April 28, 2023. Each issue is discussed below.

### I. The Court Denies Mr. Butterfield's Motion to Enter Judgment.

The court denies Mr. Butterfield's motion to enter judgment for two reasons. First, to the extent Mr. Butterfield's motion seeks entry of default judgment against IHH under Fed. R. Civ. P. 55(b), the motion is denied because it is premature. Second, even if the court construes Mr.

---

[4] Because 90 days from December 12, 2022, fell on Sunday, March 12, 2023, Mr. Butterfield's deadline for service was Monday, March 13, 2023. Fed. R. Civ. P. 6(a)(1)(C).

[5] ECF No. 8.

[6] ECF No. 9.

[7] *Id*.

[8] ECF No. 10.

Butterfield's motion as one seeking entry of default against IHH under Fed. R. Civ. P. 55(a), the motion is denied because Mr. Butterfield has not demonstrated proper service on IHH. Each reason for denial of Mr. Butterfield's motion is discussed below.

First, the court denies Mr. Butterfield's motion because it is premature. Fed. R. Civ. P. 55 provides the requirements for Mr. Butterfield to obtain both entry of default and entry of default judgment against IHH. Under that rule, entry of default is a prerequisite to entry of default judgment.[9] Because the docket in this case demonstrates that Mr. Butterfield has not obtained entry of a default certificate against IHH, Mr. Butterfield's motion to enter default judgment against IHH is premature and, therefore, is denied.

Second, even if the court construes Mr. Butterfield's motion as one for entry of default against IHH, the motion is denied because Mr. Butterfield has not shown that he properly served IHH. Fed. R. Civ. P. 4(h)(1)(A) provides that service on a corporation, partnership, or unincorporated association must be completed in accordance with the requirements of Fed. R. Civ. P. 4(e)(1) for serving an individual. Fed. R. Civ. P. 4(e)(1) provides that service must be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Thus, the court turns to Utah law for the requirements for service on IHH.

Utah R. Civ. P. 4(d)(1)(E) provides that service upon a corporation, limited liability company, partnership, or unincorporated association may be accomplished by personally serving a summons and the complaint on "an officer, a managing or general agent, or other agent

---

[9] Fed. R. Civ. P. 55(a); *see also* DUCivR 55-1(b) ("No motion for default judgment must be filed unless a certificate of default has been entered by the clerk.").

authorized by appointment or law to receive process and by also mailing a copy of the summons and complaint to the defendant, if the agent is one authorized by statute to receive process and the statute so requires." Alternatively, Utah R. Civ. P. 4(d)(2)(B) provides that service upon a corporation, limited liability company, partnership, or unincorporated association may be accomplished "by mail or commercial courier service in any state or judicial district of the United States provided defendant's agent authorized by appointment or by law to receive service of process signs a document indicating receipt." Mr. Butterfield has not satisfied the requirements of either avenue of service. As stated above, the executed return of service Mr. Butterfield filed indicates that the summons and the complaint were served on Mr. Hall, but it does not contain any information indicating Mr. Hall's role with or relationship to IHH. Thus, Mr. Butterfield has failed to demonstrate that he completed proper personal service on IHH under Utah R. Civ. P. 4(d)(1)(E). Therefore, even if the court construes Mr. Butterfield's motion as one seeking entry of default, the court denies the motion.

II.   **The Court Sua Sponte Extends the Deadline for Service Until April 28, 2023.**

As stated above, under Fed. R. Civ. P. 4(m), Mr. Butterfield had until March 13, 2023, to complete proper service on IHH. That date has passed, and Mr. Butterfield has not properly served IHH. However, it appears that Mr. Butterfield has, in good faith, attempted to complete proper service on IHH. Therefore, for good cause, the court sua sponte extends the deadline for service under Fed. R. Civ. P. 4(m) by 28 days from the date of this Memorandum Decision and Order, or until April 28, 2023.

### III. The Court Orders Mr. Butterfield To either Obtain a Waiver of Service from IHH or Complete Proper Service on IHH by April 28, 2023.

On or before April 28, 2023, Mr. Butterfield must either obtain a waiver of service from IHH or properly serve IHH. If Mr. Butterfield elects to pursue a waiver of service from IHH, he must comply with all the requirements of Fed. R. Civ. P. 4(d). On the other hand, if Mr. Butterfield elects to complete service on IHH, he must comply with the service requirements under Utah law discussed above.

### ORDER

Based upon the foregoing, the court HEREBY ORDERS:

1. Mr. Butterfield's motion to enter judgment[10] is DENIED.

2. The deadline for service under Fed. R. Civ. P. 4(m) is extended by 28 days from the date of this Memorandum Decision and Order, or until April 28, 2023.

3. On or before April 28, 2023, Mr. Butterfield must either obtain a waiver of service from IHH under Fed. R. Civ. P. 4(d) or properly serve IHH.

IT IS SO ORDERED.

DATED this 31st day of March 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[10] ECF No. 10.