# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **DANIEL BUTTERFIELD,**<br><br>**Plaintiff,**<br><br>v.<br><br>**INTERMOUNTAIN HOMECARE & HOSPICE,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:22-cv-00768-DBB-JCB**<br><br>**District Judge David Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court are: (1) pro se Plaintiff Daniel Butterfield's ("Mr. Butterfield") motion for default judgment;[2] and (2) Defendant Intermountain Homecare & Hospice ("IHH") motion to dismiss under Fed. R. Civ. P. 12(b)(5).[3] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motions on the written memoranda. Based upon the analysis set forth below, the court: (I.) denies Mr. Butterfield's motion; (II.A.) denies the portion of IHH's motion to dismiss based upon Mr. Butterfield's omission of the name of IHH's registered agent from the summonses; and (II.B.) reserves ruling on the remainder of IHH's

---

[1] ECF No. 5.

[2] ECF No. 22.

[3] ECF No. 23.

motion to dismiss and sets an evidentiary hearing to resolve a disputed issue of material fact as to whether the security guard who was served was authorized to accept service on IHH's behalf.

## BACKGROUND

In December 2022, Mr. Butterfield filed this action pro se.[4] On February 7, 2023, Mr. Butterfield obtained a summons for IHH[5] and served it three days later.[6] However, IHH did not respond, which prompted Mr. Butterfield to file a motion for default judgment.[7]

The court denied Mr. Butterfield's default judgment motion for two reasons.[8] First, Mr. Butterfield failed to properly serve the February summons on IHH. Second, Mr. Butterfield failed to obtain an entry of default from the Clerk of Court before seeking a default judgment in accordance with Fed. R. Civ. P. 55(a). Nevertheless, the court extended Mr. Butterfield's service deadline to April 28, 2023.

Mr. Butterfield then filed an amended complaint[9] and obtained a summons for IHH,[10] but he did not file a return of service indicating that IHH had been served by the court-ordered deadline. This prompted the court to issue an order requiring Mr. Butterfield to show cause why his case should not be dismissed for lack of prosecution.[11] Mr. Butterfield filed his return of

---

[4] ECF No. 1.
[5] ECF No. 8.
[6] ECF No. 9.
[7] ECF No. 10.
[8] ECF No. 11.
[9] ECF No. 12.
[10] ECF No. 13.
[11] ECF No. 15.

service four days later, which showed that service of a summons and the complaint on IHH had occurred on April 25, 2023.[12]

However, a few months later, the court concluded that the April 25, 2023 service attempt was improper.[13] But the court extended Mr. Butterfield's deadline to serve IHH to January 11, 2024.

Hoping that the third time would be the charm, Mr. Butterfield obtained two new summonses. One summons was directed to IHH at 36 South State Street, Floor 22 in Salt Lake City, Utah,[14] while the other was directed to IHH at 11520 South Redwood Road in South Jordan, Utah.[15] Neither summons included the name of IHH's registered agent. To ensure delivery, Mr. Butterfield hired a company called Court OPS ("Process Server") to serve a copy of a summons and the amended complaint on IHH.[16] The Process Server delivered a summons and the amended complaint to a security guard stationed outside of the offices of Intermountain Healthcare ("IHC")—which owns IHH—in Salt Lake City, Utah.[17] Although the security guard is not an employee of either IHC or IHH,[18] the Process Server states that he has served process on IHC "hundreds of times" and that IHC has "explained to [the Process Server] that due to security reasons, IHC has established a policy for the security officer to accept service for

---

[12] ECF No. 16.
[13] ECF No. 18.
[14] ECF No. 19.
[15] ECF No. 20.
[16] ECF No. 21.
[17] *Id*.
[18] ECF No. 23-2 at 3 of 3.

IHC."[19] But IHC's Senior Investigator for its Legal Department states that the security guard who was served with a summons and the amended complaint in this case "does not have the authority to accept service of process on [IHC]'s behalf."[20] Instead, "Anne D. Armstrong is [IHC]'s Registered Agent authorized to accept service" on behalf of IHC.[21]

Because IHH did not file an answer or otherwise defend against this action, Mr. Butterfield moved for default judgment.[22] A few days later, IHH filed a motion to dismiss under Rule 12(b)(5) contending that IHH was never served properly and that Mr. Butterfield's oft-extended time for service has expired, which requires dismissal of this action.[23] Specifically, IHH contends that service was improper because the summonses omitted the name of IHC/IHH's registered agent, and the security guard is not authorized to accept service on behalf of IHC/IHH.

For the reasons stated in order below, the court first denies Mr. Butterfield's motion for default judgment because—as the court explained when it denied Mr. Butterfield's prior motion for default judgment—he failed to first obtain a certificate of default from the Clerk of Court as required under Rule 55(a). Second, the court denies IHH's motion to dismiss as to its argument that Mr. Butterfield's summonses failed to mention IHC/IHH's registered agent by name but reserves ruling on whether service on the security guard was sufficient. As to the latter issue, a disputed issue of material fact exists as to whether the security guard to whom the Process Server

---

[19] ECF No. 24-1 at 2 of 2.
[20] ECF No. 23-2 at 3 of 3.
[21] *Id.*
[22] ECF No. 22.
[23] ECF No. 23.

delivered Mr. Butterfield's most recent process was authorized under Fed. R. Civ. P. 4(h) to accept process for IHC/IHH. This factual dispute requires an evidentiary hearing.

ANALYSIS

I. **The Court Denies Mr. Butterfield's Motion for Default Judgment Because It Is Premature.**

As it did before, the court denies Mr. Butterfield's motion for default judgment because he failed to first obtain an entry of default from the Clerk of Court under Rule 55(a). Rule 55 provides the requirements for Mr. Butterfield to obtain both entry of default and entry of default judgment against IHH. Under that rule, entry of default is a prerequisite to entry of default judgment.[24] Because the docket in this case still demonstrates that Mr. Butterfield has not obtained entry of a default certificate against IHH, Mr. Butterfield's motion to enter default judgment against IHH is premature and, therefore, is denied.

II. **The Court Denies IHH's Motion to Dismiss as to Its Argument That IHC/IHH's Registered Agent's Name Did Not Appear on the Summonses but Reserves Ruling on Whether Serving the Security Guard Was Proper Because an Evidentiary Hearing Is Required to Resolve a Disputed Issue of Material Fact.**

At this point, the court can deny part of IHH's motion to dismiss under Rule 12(b)(5) because omitting the name of IHC/IHH's registered agent from the summonses is not fatal to service under Rule 4(h). However, the court cannot rule on whether service on the security guard stationed outside of IHC's offices was proper because there is a disputed issue of material fact as to whether IHC has authorized him to accept service of process. Each issue is discussed below.

---

[24] Fed. R. Civ. P. 55 (requiring clerk to enter default before default judgment can be entered).

5

A. Omitting the Registered Agent's Name From the Summonses Does Not Render Service Improper Under Rule 4(h).

Omitting the name of IHC/IHH's registered agent from the summonses is insufficient to invalidate service of process where IHH was clearly identified as the defendant in this action and the correct case caption, court, and case number were identified. At the outset, the court acknowledges that due process principles ultimately govern service of process and that those principles require notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[25] To this point, *Howard v. Shelton* is illustrative.[26]

In *Howard*, the pro se plaintiff obtained a summons directed to "John Doe" instead of in the name of the defendant.[27] The defendant moved to dismiss the action for want of proper service because the summons was directed to "John Doe" instead of the named defendant.[28] The district court refused to dismiss the action because the plaintiff's pro se status entitled "[her] to a certain degree of leniency so as to ensure that [her] case is justly resolved on its merits rather than on the basis of procedural technicalities to the extent possible."[29] The court determined that because the summons contained the defendant's correct address and correct court case number, the served defendant could easily determine whether it was, in fact, a party to the litigation by simply checking the case docket. Thus, the court concluded:

---

[25] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); s*ee also Jones v. Flowers*, 547 U.S. 220, 225 (2006) ("[D]ue process does not require actual notice . . . .").

[26] 277 F.R.D. 168 (S.D. Miss. 2011).

[27] *Id.* at 169.

[28] *Id.*

[29] *Id.* at 171 (alterations in original) (quotations, citations, and footnote omitted).

> Rule 4 is a means to an end; it does not exist for its own sake. Although its demands are specific, its ultimate goal is simply to notify a defendant that a lawsuit has been filed against it. And when the *pro se* plaintiff achieves that goal despite failing to adhere to Rule 4's every rigor, this [c]ourt will not favor dismissals based on simple technicalities.[30]

*Howard*'s reasoning is persuasive here. Although, in *Howard*, the defendant's name was not on the summons, the summonses in this case clearly show that IHH is the named defendant. Also, the summonses in this action clearly show the correct court, case caption, and case number. If the wrong name but correct case number were sufficient under Rule 4 in *Howard*, then having the correct defendant's name, court, and case number is clearly sufficient here. Indeed, the omission of the registered agent's name is purely technical and did not prejudice IHC/IHH whatsoever. The summonses clearly put IHH and its parent, IHC, on notice that IHH is the named defendant in this action. Given Mr. Butterfield's pro se status, the form of his summonses is sufficient under Rule 4 and does not invalidate service.

    B. <u>A Disputed Issue of Material Fact Exists as to Whether the Security Guard Is Authorized to Accept Service on IHC/IHH's Behalf, Which Necessitates an Evidentiary Hearing</u>.

Although the court readily concedes the rarity of an evidentiary hearing to establish whether service occurred under Rule 4(h)—especially in a pro se matter—that is exactly what needs to happen here. Under Rule 4(h), a domestic entity may be served "in a judicial district of the United States . . . by delivering a copy of the summons and of the complaint to . . . any other agent authorized by appointment or by law to receive service of process."[31] "To establish agency

---

[30] *Id*. at 172.

[31] Fed. R. Civ. P. 4(h)(1)(B). No party contends that the security guard was an officer or a managing or general agent of IHC or IHH. Therefore, the only possible service category for the

by appointment, an actual appointment for the specific purpose of receiving process normally is expected."[32] To determine whether an actual appointment has occurred, the court does not consider the statements of the purported agent but rather whether "the defendant intended to confer that authority upon the agent."[33] Whether the defendant intended to confer such authority on the purported agent can be inferred "from the circumstances surrounding the service upon the agent."[34] The circumstances that courts consider do not require "explicit" authorization, and courts instead look at whether the authority is "express or implied from the type of relationship that has been established between the defendant and the alleged agent."[35] In other words, "there must be a factual basis for believing that an appointment to receive process had been made."[36] Where, as here, service is challenged, "the plaintiff bears the burden of showing valid service by a preponderance of the evidence."[37]

Genuine issues of disputed material fact exist as to whether IHC authorized the security guard to accept service. On the one hand, a letter from the Process Server claims to be based on "hundreds" of service deliveries to IHC over many years. These service deliveries were purportedly made to the security guard at IHC's behest based on a "policy" of IHC. The Process

---

security guard is "any other agent authorized by appointment . . . to receive service of process." *Id.*

[32] *Pollard v. District of Columbia,* 285 F.R.D. 125, 128 (D.D.C. 2012) (quotations and citation omitted).

[33] *Id.* (quotations and citation omitted).

[34] *Id.* (quotations and citation omitted).

[35] *Id.* (quotations and citations omitted).

[36] *Id.* (quotations and citations omitted).

[37] *Id.*

Server claims that this is what IHC has repeatedly stated even when the Process Server has sought to serve an actual agent or officer of IHC. All these factual assertions are not based on the security guard's representations as to whether he can accept service but on IHC's purported policy. If the Process Server is correct, then sufficient evidence exists for the security guard to be IHC/IHH's agent for the limited purpose of accepting service of process here.

However, IHC contradicts the Process Server's statements by averring that the security guard has no such authority. Instead, IHC says that its registered agent is the only person authorized to receive service on IHC/IHH's behalf. This conflicting testimony creates a material issue of disputed fact, and the court needs to hear testimony from a representative of the Process Server and an IHC representative who is knowledgeable about whether the security guard has received service on behalf of IHC in the past. Therefore, the court will conduct an evidentiary hearing on June 26, 2024, at 2:00 p.m. in courtroom 8.400. Mr. Butterfield and IHH must attend. The court will issue a subpoena for a representative of the Process Server to appear and orders IHH to produce a witness who has knowledge as to whether IHC has authorized the security guard to accept service on IHC/IHH's behalf and knowledge of IHC's policies regarding service of process.

Once the evidence is received from the evidentiary hearing, the court will be able to assess whether IHH was properly served. Upon determining the adequacy of service, the court will be able to decide whether to grant the motion to dismiss for lack of proper service. If,

however, service was proper, the court will provide a deadline for IHH to file an answer or otherwise defend against this action.[38]

### ORDER

Based upon the foregoing analysis, IT IS HEREBY ORDERED:

1. The court DENIES Mr. Butterfield's latest motion for default judgment[39] because he failed to follow the procedure established under Rule 55.

2. The court DENIES the portion of IHH's motion to dismiss[40] based on the mere technicality of not having IHC/IHH's registered agent named on the summonses.

3. The court reserves ruling on the remainder of IHH's motion to dismiss.

4. The court sets an evidentiary hearing on June 26, 2024, at 2:00 p.m. in courtroom 8.400 to resolve the issue of whether the security guard is authorized to accept service of process on IHC/IHH's behalf.

5. Mr. Butterfield must attend the evidentiary hearing.

6. IHH must attend the evidentiary hearing and produce a witness who has knowledge as to whether IHC has authorized the security guard to accept service on IHC/IHH's behalf and knowledge of IHC's policies regarding service of process.

---

[38] The court readily acknowledges that the letter Mr. Butterfield submitted from the Process Server is not provided under oath. However, given that Mr. Butterfield is pro se, Fed. R. Civ. P. 56 does not apply here, and the letter appears to be authentic, the court overlooks the fact that the Process Server did not provide the letter under oath for purposes of sorting out the above-mentioned issue of material fact in an upcoming evidentiary hearing.

[39] ECF No. 22.

[40] ECF No. 23.

7. The Clerk of Court must issue a subpoena to the representative of the Process Server, Cory Warnick ("Mr. Warnick"), to appear at the above-referenced hearing.

8. The Clerk of Court must serve the subpoena on Mr. Warnick via email at cory@privateopsut.com.

IT IS SO ORDERED.

DATED this 20th day of June 2024.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge