THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **DANIEL BUTTERFIELD,** <br><br> Plaintiff, <br><br> v. <br><br> **INTERMOUNTAIN HOMECARE & HOSPICE,** <br><br> Defendant. | REPORT AND RECOMMENDATION <br><br> Case No. 2:22-cv-00768-DBB-JCB <br><br><br> District Judge David Barlow <br><br> Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Defendant Intermountain Homecare & Hospice's ("IHH") motion to dismiss under Fed. R. Civ. P. 12(b)(5).[2] Based upon the analysis set forth below, the court recommends granting IHH's motion.

## BACKGROUND

In December 2022, Plaintiff Daniel Butterfield ("Mr. Butterfield") filed this action pro se.[3] On February 7, 2023, Mr. Butterfield obtained a summons for IHH,[4] and he served it and the

---

[1] ECF No. 5.

[2] ECF No. 23.

[3] ECF No. 1.

[4] ECF No. 8.

complaint on IHH three days later.[5] However, IHH did not respond, which prompted Mr. Butterfield to file a motion for default judgment.[6]

The court denied Mr. Butterfield's default judgment motion for two reasons.[7] First, Mr. Butterfield failed to properly serve the February summons and the complaint on IHH. Second, Mr. Butterfield failed to obtain an entry of default from the Clerk of Court under Fed. R. Civ. P. 55(a) before seeking a default judgment. Nevertheless, the court extended Mr. Butterfield's service deadline to April 28, 2023.

Mr. Butterfield then filed an amended complaint[8] and obtained a summons for IHH,[9] but he did not file a return of service indicating that IHH had been served by the court-ordered deadline. This prompted the court to issue an order requiring Mr. Butterfield to show cause why his case should not be dismissed for lack of prosecution.[10] Mr. Butterfield filed his return of service four days later, which showed that service of a summons and the amended complaint on IHH had occurred on April 25, 2023, prior to the court-imposed deadline.[11]

---

[5] ECF No. 9.
[6] ECF No. 10.
[7] ECF No. 11.
[8] ECF No. 12.
[9] ECF No. 13.
[10] ECF No. 15.
[11] ECF No. 16.

However, a few months later, the court concluded that the April 25, 2023 service attempt was improper.[12] Nevertheless, the court extended Mr. Butterfield's deadline to serve IHH to January 11, 2024.

Hoping that the third time would be the charm, Mr. Butterfield obtained two new summonses. One summons was directed to IHH at 36 South State Street, Floor 22 in Salt Lake City, Utah,[13] while the other was directed to IHH at 11520 South Redwood Road in South Jordan, Utah.[14] Neither summons included the name of IHH's registered agent. To ensure delivery, Mr. Butterfield hired a company called Court OPS ("Process Server") to serve a copy of a summons and the amended complaint on IHH.[15] The Process Server delivered a summons and the amended complaint to a security guard stationed outside of the offices of Intermountain Healthcare ("IHC")—which owns IHH—in Salt Lake City, Utah.[16] Although the security guard is not an employee of either IHC or IHH,[17] Mr. Butterfield submitted a letter from the Process Server—which was not provided under oath—stating that the Process Server has served process on IHC "hundreds of times" and that IHC has "explained to [the Process Server] that due to security reasons, IHC has established a policy for the security officer to accept service for IHC."[18] However, in a declaration provided under penalty of perjury, IHC's Senior Investigator

---

[12] ECF No. 18.
[13] ECF No. 19.
[14] ECF No. 20.
[15] ECF No. 21.
[16] *Id.*
[17] ECF No. 23-2 at 3 of 3.
[18] ECF No. 24-1 at 2 of 2.

for its Legal Department states that: (1) the security guard who was served with a summons and the amended complaint in this case "does not have the authority to accept service of process on [IHC]'s behalf"; and (2) "Anne D. Armstrong is [IHC]'s Registered Agent authorized to accept service" on behalf of IHC.[19]

Because IHH did not file an answer or otherwise defend against this action, Mr. Butterfield moved for default judgment.[20] Several days later, IHH filed a motion to dismiss under Rule 12(b)(5) contending that IHH was never served properly and that Mr. Butterfield's oft-extended time for service has expired, which requires dismissal of this action.[21] Specifically, IHH contended that service was improper because the summonses omitted the name of IHC/IHH's registered agent, and the security guard is not authorized to accept service on behalf of IHC/IHH.

In a June 20, 2024 Memorandum Decision and Order, the court: (1) denied Mr. Butterfield's motion for default judgment because he failed to follow the procedure established under Rule 55; (2) concluded that the portion of IHH's motion to dismiss based upon the mere technicality of not having IHC/IHH's registered agent named on the summonses was without merit; (3) reserved issuing a recommended ruling on the remainder of IHH's motion to dismiss; (4) set an evidentiary hearing on June 26, 2024, to resolve a genuine issue of disputed material fact that existed as to whether the security guard was authorized under Fed. R. Civ. P. 4(h) to accept service of process on IHC/IHH's behalf; (5) ordered Mr. Butterfield to attend the

---

[19] ECF No. 23-2 at 3 of 3.
[20] ECF No. 22.
[21] ECF No. 23.

evidentiary hearing; (6) ordered IHH to attend the hearing and produce a witness who has knowledge as to whether IHC has authorized the security guard to accept service on IHC/IHH's behalf and knowledge of IHC's policies regarding service of process; and (7) ordered the Clerk of Court to issue a subpoena to a representative of the Process Server to appear at the hearing.[22] The Clerk of Court subsequently issued the subpoena and served it on the Process Server.[23]

The court convened the evidentiary hearing at the appointed time on June 26, 2024.[24] IHH, its counsel, and the representative of the Process Server all appeared at the hearing. Mr. Butterfield did not appear, despite having been served with the court's order scheduling the hearing[25] and a notice of the hearing.[26] Mr. Butterfield never notified the court that he was unable to attend the hearing.

## ANALYSIS

The court recommends granting IHH's motion to dismiss under Rule 12(b)(5) because Mr. Butterfield has failed to carry his burden of showing that the security guard was authorized under Rule 4(h) to accept service of process on IHC/IHH's behalf. Rule 12(b)(5) permits a defendant to move to dismiss a plaintiff's complaint based upon "insufficient service of process." Under Rule 4(h), a domestic entity such as IHH may be properly served "in a judicial district of the United States . . . by delivering a copy of the summons and of the complaint to . . . any other

---

[22] ECF No. 26.
[23] ECF No. 28.
[24] ECF No. 29.
[25] ECF No. 26.
[26] ECF No. 27.

agent authorized by appointment or by law to receive service of process."[27] "To establish agency by appointment, an actual appointment for the specific purpose of receiving process normally is expected."[28] To determine whether an actual appointment has occurred, the court does not consider the statements of the purported agent but rather whether "the defendant intended to confer that authority upon the agent."[29] Whether the defendant intended to confer such authority on the purported agent can be inferred "from the circumstances surrounding the service upon the agent."[30] The circumstances that courts consider do not require "explicit" authorization, and courts instead look at whether the authority is "express or implied from the type of relationship that has been established between the defendant and the alleged agent."[31] In other words, "there must be a factual basis for believing that an appointment to receive process had been made."[32] When service is challenged, "the plaintiff bears the burden of showing valid service by a preponderance of the evidence."[33]

Here, the court set an evidentiary hearing to provide Mr. Butterfield with the opportunity to obtain admissible evidence to carry his burden of showing that the security guard was

---

[27] Fed. R. Civ. P. 4(h)(1)(B). No party contends that the security guard was an officer or a managing or general agent of IHC or IHH. Therefore, the only possible service category for the security guard is "any other agent authorized by appointment . . . to receive service of process." *Id.*

[28] *Pollard v. District of Columbia*, 285 F.R.D. 125, 128 (D.D.C. 2012) (quotations and citation omitted).

[29] *Id.* (quotations and citation omitted).

[30] *Id.* (quotations and citation omitted).

[31] *Id.* (quotations and citations omitted).

[32] *Id.* (quotations and citations omitted).

[33] *Id.*

authorized under Rule 4(h) and the foregoing standards to accept service of process on IHC/IHH's behalf. However, as stated above, Mr. Butterfield failed to appear at the hearing, despite having been served with the court's order scheduling the hearing and a notice of the hearing. Consequently, the court is left to make a recommended disposition of IHH's motion to dismiss on the current record, which consists of the letter Mr. Butterfield submitted from the Process Server—which was not provided under oath—and the declaration submitted by IHH/IHC—which was provided under penalty of perjury. Based upon that record, the court must conclude that Mr. Butterfield has not carried his burden of demonstrating that the security guard was authorized under Rule 4(h) to accept service of process on IHC/IHH's behalf. Therefore, IHH's motion to dismiss under Rule 12(b)(5) should be granted, and this case should be dismissed without prejudice.

## CONCLUSION AND RECOMMENDATION

As shown above, Mr. Butterfield failed to carry his burden of showing that the security guard was authorized under Rule 4(h) to accept service of process on IHC/IHH's behalf. Therefore, the court HEREBY RECOMMENDS that IHH's motion to dismiss under Rule 12(b)(5) be GRANTED, and this case be DISMISSED WITHOUT PREJUDICE.

## NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[34] The parties must file any objections to this Report and

---

[34] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

Recommendation within 14 days after being served with a copy of it.[35] Failure to object may constitute waiver of objections upon subsequent review.

      DATED this 27th day of June 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[35] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).